1  NELSON MCELMURRY, Esq. (State Bar No. 236079)
   LAW OFFICES OF NELSON MCELMURRY
2  37 E. Hedding Street
   San Jose, CA 95112
3  Telephone (408) 292-2844
   Facsimile (408) 292-2011
4
   Attorney for Plaintiff
5

6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9                          SAN JOSE DIVISION

10

11  JAMES LIGON                        )  CASE NO:
                                       )
12        Plaintiff,                   )
                                       )  CV13-02875
13  vs.                                )
                                       )  COMPLAINT FOR CIVIL RIGHTS
14  CALIFORNIA HIGHWAY PATROL,         )  VIOLATIONS OF THE FOURTH AND
    CALIFORNIA HIGHWAY PATROL          )  FOURTEENTH AMENDMENTS TO THE
15  COMMISSIONER JOSEPH FARROW,        )  UNITED STATES CONSTITUTION (42
    CALIFORNIA HIGHWAY PATROL          )  U.S.C. 1983 and 1981); VIOLATION OF
16  OFFICER JOE LAFUACI, CALIFORNIA    )  THE CALIFORNIA STATE
    HIGHWAY PATROL OFFICER CORY        )  CONSTITUTION; ASSAULT AND
17  WALCZAK.                           )  BATTERY; NEGLIGENCE; AND
                                       )  DAMAGES
18                                     )
                                       )
19        Defendants.                  )        (Jury Trial Demanded)
                                       )
20                                     )
                                       )
21                                     )
                                       )
22

23                              **JURISDICTION**

24  1.  This court has subject matter jurisdiction pursuant to 42 U.S.C. §1983; 1981, 28 U.S.C.

25      §§ 1331, 1343 and 2201. The Court has pendent jurisdiction and supplemental

26      jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. §

27      1367.

28

2. All administrative remedies have been exhausted. In compliance with California Government Code § 910 et seq., Mr. Ligon has filed administrative claims for damages under the California Tort Claims Act with the California State Board of Control, which has declined to exercise jurisdiction over these actions.

3. A substantial part of the events giving rise to the claims alleged in this Complaint arose in the County of Santa Clara, California. Venue therefore lies in the United States District Court for the Northern District of California, San Jose Division, pursuant to 28 U.S.C. § 84(a), 28 U.S.C. § 1391(b)(2) and Civil Local Rule 3-2(d).

4. The amount in controversy exceeds $75,000.00

## PARTIES

5. Plaintiff James Ligon is, and at all relevant times herein mentioned was, a citizen of the State of California and a resident of the County of Santa Clara. Mr. Ligon is an African-American male and, by physical appearance, is a person of color.

6. Defendant California Highway Patrol (hereinafter CHP), headquartered in Sacramento, California is a division of the State of California in charge of patrolling California State Highways. Upon information and belief, the CHP receives federal funds through federal grants from the United States Department of Justice or another federal agency. As such, the CHP is legally required to conduct its activities in a racially non-discriminatory manner.

7. At all times herein mentioned, California Highway Patrol Officer JOE LAFUACI, sued here in both his individual and official capacities, is a resident of California who is employed by the CHP. Officer LAFUACI was involved in the stop of plaintiff JAMES

LIGON. All actions taken by Officer LAFUACI while working as an officer of the CHP was taken under color of state law.

8. At all times herein mentioned, California Highway Patrol Officer CORY WALCZAK, sued here in both his individual and official capacities, is a resident of California who is employed by the CHP. Officer WALCZAK was involved in the stop of plaintiff JAMES LIGON. All actions taken by Officer WALCZAK while working as an officer of the CHP was taken under color of state law.

9. Upon information and belief, defendant JOSEPH FARROW is Commissioner of the CHP and a resident of California. Upon information and belief, defendant Commissioner FARROW directly or indirectly participated in the authorization, planning, training, and supervision of the actions of the individual CHP officers involved in this case, including Officers JOE LAFUACI and CORY WALCZAK. Upon information and belief, defendant Commissioner FARROW failed to adequately train CHP personnel and to promulgate appropriate policies to prevent illegal and unconstitutional practices, and has established, implemented and enforced illegal and unconstitutional policies and practices that have caused plaintiffs' injuries.

## STATEMENT OF FACTS

10. On June 21, 2012 CHP officers Joe Lafauci and Cory Walczak were on duty in full CHP uniform in a marked CHP vehicle. They were assigned to the CHP office in Redwood City, California. Both officers were conducting traffic enforcement on Highway 101 near the University Avenue exit in Palo Alto, California.

11. Officer Walczak was outside of his vehicle conducting Lydar (speed gun) and Officer Lafauci was sitting inside of the vehicle in the driver seat conducting radar.

12. Officer Walczak saw a Toyota Corolla vehicle driving southbound on highway 101 past University Avenue in Palo Alto. Officer Walczak identified the plaintiff as a black male based on the "corn rows" the Plaintiff had. The reference is made in Sunnyvale Police Department, Officer Eric Suzuki supplemental report page 4 of 6. The vehicle was being driven by the Plaintiff.

13. The Toyota Corolla driven by plaintiff was traveling southbound on highway 101 when the CHP officers activated their vehicle enforcement lights near the Rengstorff exit in Mountain View. The plaintiff continued to drive at normal freeway speeds and exited the Mathilda off ramp in Sunnyvale, as he was headed home.

14. The plaintiff decided to continue home, and ultimately slowed and came to a complete stop in front of 284 Alturas in Sunnyvale, California, which is less than a mile from the Highway 101 where the officers first attempted to stop plaintiff's vehicle.

15. Both officers positioned themselves at an angle to the plaintiff's vehicle approximately 20 to 30 feet behind the plaintiff's Toyota Corrolla. Offiers Lafauci and Walczak prepared for a traffic stop and exited their vehicle immediately. Officer Lafauci had his service weapon drawn and pointed at plaintiff's vehicle. Meanwhile Officer Walczak did not have his weapon drawn at all.

16. As the plaintiff exited the vehicle, Officer Lafauci ordered him out of his car. As plaintiff exited his car with his hands up, he moved away from his vehicle towards the center of the street as directed. Unable to see the officers because of the CHP spotlight and red light burner, the plaintiff, with hands raised, indicated to the officers that he did not have any weapons.

17. At this point, Officer Lafuaci fired his CHP issued service weapon at plaintiff. Officer Lafuaci emptied his magazine and plaintiff was struck an estimated 7 times in the front of his body. As plaintiff stumbled forward and towards the opposite side of the street away from the CHP cruiser, Officer Lafuaci shot plaintiff four more times in the back. Officer Walczak never fired a single round. No weapons were located on or around plaintiff.

18. After being shot at an estimated 12 times, plaintiff was lying on his back on the ground with multiple gunshots wounds and was no longer moving. The gunshot wound entrances were all over his body including but not limited to the front side of the upper torso, back side of his upper torso, legs, thighs, hands, shoulders and legs.

19. Officer Walczak was present during the acts herein alleged and failed to prevent the wrongful acts which violated plaintiffs'constitutional rights. Officer Walczak could have prevented the violation.

20. After being shot, plaintiff was taken to Stanford hospital. Plaintiff was severely injured physically and mentally and continues to suffer from damages proximately caused as a result of the wrongful acts described herein.

## FIRST CAUSE OF ACTION
### (42 U.S.C. SECTION 1983)
(Against Defendants Joe Lafauci and Cory Walczak)

25. Plaintiff hereby realleges and incorporates by reference herein all previous paragraphs of this Complaint.

26. In doing the acts complained of herein, defendants acted under color of law to deprive plaintiff of certain constitutionally protected rights including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the fourth Amendment to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth amendments to the United States Constitution;

c. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United States Constitution; and

d. The right to be free from interference with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

**SECOND CAUSE OF ACTION**
(42 U.S.C. SECTION 1983)
(Against All Defendants)

27. Plaintiff hereby realleges and incorporates by reference herein all previous paragraphs of this Complaint.

28. California Highway Patrol Commissioner Joseph Farrow failed to adequately train Officers Joe Lafauci and Cory Walczak in the proper use of force; proper detentions and arrest; proper conduct towards persons; and treating persons in a manner that is not racially discriminatory. The lack of adequate supervisorial response and discipline by Defendant California Highway Patrol demonstrates the existence of an informal custom or policy that tolerates and promotes the continuing use of excessive force against improper detention and arrests of; improper conduct toward, and violation of civil rights of persons within the State of California by California Highway Patrol Officers.

29. Based on information and belief, plaintiff alleges that prior to the date of the subject incident involving plaintiff, defendant Officers had a history of engaging in acts of excessive force, improper detentions and arrest and treating persons in a manner that is racially discriminatory. Based on information and belief, plaintiff further alleges that despite their knowledge of defendant officer's repeated, egregious misconduct, defendant CHP Commissioner Joseph Farrow failed to properly and adequately train, supervise, and discipline defendant Officers Lafauci and Walczak for said repeated and egregious misconduct.

30. Defendant CHP, by and through its supervisory employees and agents, and Commissioner Joseph Farrow has and had a mandatory duty of care imposed on it by the Fourth and Fourteenth Amendments to the United States Constitution, to properly and adequately hire ,

train, retain, supervise and discipline its Officer employees so as to avoid unreasonable risk of harm to citizens as the proximate result of CHP officers assaulting and battering, effecting false arrest, imprisonment and treating persons in a racially discriminatory manner. With deliberate indifference, CHP, CHP Commissioner Joseph Farrow breached his duty of care to plaintiff in that he *1.* failed to adequately hire, retain, supervise, discipline, and train CHP Officers LaFauci and Walczak in the proper use of force, effecting proper and reasonable arrests, and treating persons in a manner that is not racially discriminatory; *2.* Failed to have adequate policies and procedures regarding proper use of force; effecting proper and reasonable arrests, and treating persons in a manner that is not racially discriminatory; *3.* acted with deliberate indifference, in reckless and or conscious disregard of the prior misconduct of defendant officers; *4.* approved, ratified, condoned, encouraged and or tacitly authorized defendant officers Lafauci, Walczak to continue their course of misconduct of use of excessive force, effecting false arrest and imprisonments and treating persons in a racially discriminatory manner, resulting in a violation of plaintiff's rights, and injuries and damages to plaintiff as alleged herein.

31. This lack of adequate hiring, retention, supervision, training, and discipline of defendants Lafauci and Walczak demonstrates the existence of an informal custom or policy of promoting, tolerating, and or ratifying the continuing use of excessive unreasonable force; wrongful false arrest; and treating persons in a racially discriminatory manner by officers employed by defendant CHP.

32. In doing the acts complained of herein, CHP and CHP Commissioner Joseph Farrow acted under color of law to deprive plaintiff of certain constitutionally protected rights including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the fourth Amendment to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth amendments to the United States Constitution;

c. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United States Constitution; and

d. The right to be free from interference with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
### (ASSAULT and BATTERY)
### (Against All Defendants)

33. Plaintiff realleges and incorporates by reference herein all previous paragraphs of this complaint.

34. Defendants Joe Lafauci and Cory Walczak placed plaintiff in immediate fear of death and severe bodily harm by assaulting and battering plaintiff without any just provocation or cause. Said defendants' conduct was neither privileged nor justified under statute or common law. As a proximate result of said defendant's conduct, plaintiff suffered damages hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)
### (Against All Defendants)

35. Plaintiff realleges and incorporates by reference herein all previous paragraphs of this complaint.

36. The conduct of defendant officers Lafauci and Walczak as set forth herein, was extreme and outrageous and beyond the scope of conduct that should be tolerated by citizens in a

democratic and civilized society.  Defendant's committed the aforementioned extreme and

outrageous acts wit the intent to inflict severe mental and emotional distress upon plaintiff.

37. As a proximate result of said defendant officers' willful, intentional and malicious

conduct, plaintiff suffered severe and extreme mental and emotional distress. Therefore,

plaintiff is entitled to an award of punitive damages against said defendants/ plaintiff has

suffered injuries and damages hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
(NEGLIGENCE)
(Against All Defendants)

38. Plaintiff realleges and incorporates by reference herein all previous paragraphs of this

complaint, except for any and all allegations of intentional, malicious, extreme, outrageous,

wanton and oppressive conduct by defendants, and any and all allegations requesting punitive

damages.

39. At all times herein mentioned, defendant officers Lafauci and Walczak were subject to a

duty of care to avoid causing injuries and damages to persons by not using excessive force on

them, not effecting wrongful detentions and arrest, and by treating persons in a manner that is

not racially discriminatory. The wrongful conduct of said defendants as set forth herein, did

not comply with the standard of care to be exercised by reasonable CHP officers acting in

similar circumstances, proximately causing plaintiff to suffer injuries and damages as set

forth herein.

40. As a proximate result of said defendants' negligent conduct, plaintiff suffered severe

emotional and mental distress and injury having traumatic effect on plaintiff's emotional

tranquility, and damages.

## SIXTH CAUSE OF ACTION
### (NEGLIGENT HIRING, TRAINING, SUPERVISION, AND DISCIPLINE)
#### (Against All Defendants)

41. Plaintiff hereby realleges and incorporates by reference herein all previous paragraphs of this Complaint.

42. California Highway Patrol Commissioner Joseph Farrow failed to adequately train Officers Joe Lafauci and Cory Walczak in the proper use of force; proper detentions and arrest; proper conduct towards persons; and treating persons in a manner that is not racially discriminatory. The lack of adequate supervisorial response and discipline by Defendant, demonstrates the existence of an informal custom or policy that tolerates and promotes the continuing use of excessive force against improper detention and arrests of; improper conduct toward, and violation of civil rights of persons within the State of California by California Highway Patrol Officers.

43. Based on information and belief, plaintiff alleges that prior to the date of the subject incident involving plaintiff, defendant Officers had a history of engaging in acts of excessive force, improper detentions and arrest and treating persons in a manner that is racially discriminatory. Based on information and belief, plaintiff further alleges that despite their knowledge of defendant officer's repeated, egregious misconduct, defendant CHP Commissioner Joseph Farrow failed to properly and adequately train, supervise, and discipline defendant Officers Lafauci and Walczak for said repeated and egregious misconduct.

44. Defendant CHP, by and through its supervisory employees and agents and Commissioner Joseph Farrow has and had a mandatory duty of case imposed on it by the Fourth and Fourteenth Amendments to the United States Constitution, to properly and adequately hire ,

train, retain, supervise and discipline its Officer employees so as to avoid unreasonable risk of harm to citizens as the proximate result of CHP officers assaulting and battering, effecting false arrest, imprisonment and treating persons in a racially discriminatory manner. With deliberate indifference, CHP and CHP Commissioner Joseph Farrow breached their duty of care to plaintiff in that they 1. failed to adequately hire, retain, supervise, discipline, and train CHP Officers LaFauci and Walczak in proper use of force, effecting proper reasonable arrest, and treating persons in a manner that is not racially discriminatory; 2. failed to have adequate policies and procedures regarding proper use of force; effecting proper and reasonable arrests, and treating persons in a manner that is not racially discriminatory; 3. acted with deliberate indifference, in reckless and or conscious disregard of the prior misconduct of defendant officers and 4. approved, ratified, condoned, encouraged and or tacitly authorized defendant officers Lafauci and Walczak to continue their course of misconduct of use of excessive force, effecting false arrest and imprisonments and treating persons in a racially discriminatory manner, resulting in a violation of plaintiff's rights, and injuries and damages to plaintiff as alleged herein.

45. This lack of adequate hiring, retention, supervision, training, and discipline of defendants Lafauci and Walczak demonstrates the existence of an informal custom or policy of promoting, tolerating, and or ratifying the continuing use of excessive unreasonable force; wrongful false arrest; and treating persons in a racially discriminatory manner by officers employed by defendant CHP.

46. In doing the acts complained of herein, CHP and CHP Commissioner Joseph Farrow, acted under color of law to deprive plaintiff of certain constitutionally protected rights including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the fourth Amendment to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth amendments to the United States Constitution;

c. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United States Constitution; and

d. The right to be free from interference with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
(VIOLATION OF CIVIL CODE SECTION 52.1)
(Against All Defendants)

47. Plaintiff hereby realleges and incorporates by reference herein all previous paragraphs of this Complaint.

48. The conduct of defendant officers' as described herein, acting in the course and scope of their employment for defendant CHP violated Civil Code Section 52.1, in that they interfered with plaintiff's exercise and enjoyment of his civil rights, by assaulting and battering him, and wrongfully detaining and or arresting him. Further said defendant officers' violated plaintiff's right to be free from racial discrimination pursuant to the Fourteenth Amendment of the United Sates Constitution, California Constitution and various federal and California Statutes, including California Civil Code Section 52.1, in that their misconduct towards plaintiff was motivated by racial animus.

49. As a direct and proximate result of said defendants' violation of Civil Code Section 52.1 Plaintiff suffered violation of his constitutional rights, and suffered damages set forth herein.

50. Plaintiff is entitled to injunctive relief and an award for his reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## EIGHTH CAUSE OF ACTION
### (VIOLATION OF CIVIL CODE SECTION 51.7)
#### (Against All Defendants)

51. Plaintiff hereby realleges and incorporates by reference herein all previous paragraphs of this Complaint.

52. Plaintiff is informed and believes and thereon alleges that the conduct of defendant officers' Lafauci and Walczak as described herein, was motivated by racial prejudice against Plaintiff. Plaintiff is and was readily recognizable as African-American. In engaging in such conduct, defendants' violated Plaintiff's rights under California Civil Code Section 51.7 to be free from violence, or intimation by threat of violence committed against them because of his race. Under the provisions of California Civil Code Section 52(b), defendants' are liable for each violation of Civil Code Section 51.7 for punitive damages, an additional $25,000.00 and for reasonable attorney's fees.

53. As a proximate result of defendants'' wrongful conduct plaintiff suffered damages as hereinafter set forth.

WHEREFORE, plaintiff prays for relief as hereinafter set forth.

## DEMAND FOR JURY TRIAL

54. Pursuant to Rule 38(b), Federal Rules of Civil Procedure and Rule 3-6, Local Rules, United States District Court, Northern District of California, plaintiffs demand trial by jury for all the issues plead herein so triable.

## PRAYER

55. WHEREFORE, Plaintiff prays for relief, as follows:

a. For general damages according to proof

b. For special damages according to proof;

c. For punitive damages against defendant officers according to proof.

d. For injunctive relief enjoining defendant CHP from authorizing, allowing, or ratifying the practice by any of their employees of making unreasonable and wrongful assaults on persons; effecting unreasonable and improper arrest, detentions and imprisonments of persons, and from treating persons in a manner that is racially discriminatory, in violation of California Civil Code Section 52.1.

e. For violation of California Civil Code sections 52 and 52.1, punitive damages against defendant officers' in the amount of $75,000.00 for each offense; and reasonable attorneys' fees.

f. For violation of California Civil Code sections 52 and 51.7, punitive damages against defendant officers' in the amount of $25,000.00 for each offence; and reasonable attorneys' fees.

g. For reasonable attorney's fees pursuant to 42 U.S.C. Sections 1983 and 1988;

h. For costs of suit herein incurred; and

i. Grant such other and further relief as the Court may deem just and proper.

Dated: 6/1/2013

_____

NELSON MCELMURRY
Attorney for Plaintiff, James Ligon