1  JAIME A. LEAÑOS—SBN: 159471
   MORALES & LEAÑOS
2  75 E. Santa Clara Street, Suite 250
   San Jose, CA  95113
3  Telephone:   (408) 294-6800
   Facsimile:   (408) 294-7102
4  E-mail:       jleanoslaw@pacbell.net

5  NELSON McELMURRY—SBN: 236079
   LAW OFFICES OF NELSON McELMURRY
6  37 E. Hedding St.
   San Jose, CA 95112
7  Telephone:   (408) 292-2844
   Facsimile:   (408) 292-2011
8  E-mail:       nmcelmurry@att.net

9  Attorneys for Plaintiff

10

11                    **UNITED STATES DISTRICT COURT**

12           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

                            **SAN JOSE DIVISION**
13

14 JAMES LIGON

15                                      Case No.:  CV 13-02875-RMW
              Plaintiff,
16                                      **PLAINTIFF'S NOTICE OF MOTION
      v.                                AND MOTION IN LIMINE NO. 4 TO
17                                      EXCLUDE TESTIMONY OF
                                        EXPERT DARRELL L.  ROSS;
18 JOE LAFAUCI, INDIVIDUALLY AND        MEMORANDUM OF POINTS AND
   AS AN OFFICER OF THE                 AUTHORITIES IN SUPPORT
19 CALIFORNIA HIGHWAY PATROL            THEREOF**

20            Defendant.                 Date:        January 15, 2015
                                        Time:        2:00 p.m.
21                                      Courtroom: 6, 4th Floor
                                        Judge:       Ronald M. Whyte
22

23

24

25

26 **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

27       PLEASE TAKE NOTICE that on January 15, 2015, at 2:00 p.m., or as soon

28 thereafter as this matter may be heard in Courtroom 6 of the above-entitled Court,

                                  - 1 –

PLAINTIFF'S MOTION IN LIMINE NO. 4 TO EXCLUDE TESTIMONY OF EXPERT DARRELL L. ROSS

1  Plaintiff will and hereby does move the court by way of this Motion in Limine No. 4 to

2  exclude testimony of expert Darrell L. Ross.  Plaintiff makes this Motion under Federal

3  Rules of Evidence 401, 402, 403, 702, and 703.  This Motion is based on this Notice of

4  Motion, the Memorandum of Points and Authorities, the records and files of this Court,

5  and upon such other oral and documentary evidence as may be presented at the time of

6  the hearing.

7

8  DATED:       January 2, 2015

9                                                                LAW OFFICE OF MORALES & LEAÑOS

10

11                                                     BY:   /s/  *Jaime A. Leaños*

12                                                              JAIME A. LEAÑOS
                                                                Attorney for Plaintiff
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION IN LIMINE NO. 4 TO EXCLUDE TESTIMONY OF EXPERT DARRELL L. ROSS

**MEMORANDUM OF POINTS AND AUTHORITIES**

**PRELIMINARY STATEMENT**

Defendant has designated two police practice experts, Curtis Cope and Darrell L. Ross. Curtis Cope is listed as a Police Practice and Procedure, Use of Force and Police Supervision and Training Expert.  Darrell Ross is listed as a Police Use of Force Standards and Training, Human Factors Impacting the Use of Force, and Police practices and Procedures Expert.  Plaintiff  is  requesting that this Court exclude defense expert Darrell L. Ross' testimony at the trial in this matter.   Darrell L. Ross does not opine on the issues of police procedures.  Instead, he "purportedly" opines on the issue of human factors and offers improper factual and credibility opinions as to why Officer Lafauci's shooting of Plaintiff James Ligon was reasonable and justified.

The overwhelming majority of Darrell L. Ross' opinions have no factual basis, consist of improper credibility determinations, do not involve specialized knowledge, and will not assist the jury's understanding of the evidence or to determine a fact in issue, making them inadmissible under Federal Rule of Evidence 702.  The jury is capable of deciding this case on the applicable jury instructions and the evidence it will hear as to how the shooting of James Ligon ("Plaintiff") occurred. Alternatively, even assuming that Defendants could satisfy Rules 702 and 703, the Court should exclude Darrell Ross' testimony under Rule 403 because any speculative probative value would be substantially outweighed by the danger of confusing and misleading the jury with needlessly cumulative testimony. There is no need for two defense experts to testify to police procedures and therefore, Darrell L. Ross' testimony should be excluded.

**ARGUMENT**

**A. Darrell L. Ross'  Testimony is Inadmissible Under Federal Rules of Evidence 401, 402, and 702**

*////*

- 3 –

1    Federal Rule of Evidence 401 defines "relevant evidence" as evidence having

2    any tendency to make the existence of any fact that is of consequence to the

3    determination or the action more probable or less probable than if would be without the

4    evidence.  Rule 402 states in part that evidence which is not relevant is not admissible.

5    Parties may introduce expert testimony only if "scientific, technical, or other

6    specialized knowledge will assist the trier of fact to understand the evidence or to

7    determine a fact in issue . . . ."  Under Rule 702, a witness qualifies as an expert if they

8    possess the requisite "knowledge, skill, experience, training, or education," and they

9    may testify as to their opinion only if their testimony is "reliable," meaning "(1) the

10   testimony is based upon sufficient facts or data, (2) the testimony is the product of

11   reliable principles and methods, and (3) the witness has applied the principles and

12   methods reliably to the facts of the case."  Fed. R. Evid. 702.  At no time may an

13   expert witness usurp the exclusive function of the jury to weigh evidence and to

14   determine credibility.  *See United States v. Ward*, 169 F.2d 460, 462-63 (3d Cir. 1948);

15   *Cf. United States v. Romo*, 413 F.3d 1044, 1050 (9th Cir. 2005) (holding that

16   admission of expert testimony was abuse of discretion because a lay juror was

17   qualified to decide whether a reasonable person would have foreseen that a letter to the

18   President represented a threat).  Importantly, under Rule 104(a), Defendants have the

19   burden of establishing that the pertinent admissibility requirements are met by a

20   preponderance of the evidence.  *See Bourjaily v. United States*, 483 U.S. 171, 176

21   (1987).  Here, Defendants have not satisfied that burden.

22   In this case, the jury will hear evidence concerning an incident wherein Plaintiff

23   was shot numerous times when Officer Lafauci fired rounds from his weapon at

24   Plaintiff who was unarmed and not threatening Officer Lafauci or any other individual.

25   The jury will decide on that evidence whether or not Officer Lafauci's use of deadly

26   force was reasonable.  Under the applicable jury instruction, the jury is to determine

27   this ultimate issue with reference to the following non-exhaustive factors:  (1) The

28   severity of the crime or other circumstances to which the officers were responding; (2)

- 4 –

1   whether the Plaintiff posed an immediate threat to the safety of the officers or to

2   others; (3) whether the Plaintiff  was actively resisting arrest or attempting to evade

3   arrest by flight; (4) the amount of time and any changing circumstances during which

4   the officers had to determine the type and amount of force that appeared to be

5   necessary; (5) the type and amount of force used; and (6) the availability of alternative

6   methods to detain Plaintiff.  *See* Ninth Circuit Model Jury Instruction No. 9.22.

7   Determining these types of factual issues is the central function of the jury—weighing

8   the credibility of witness testimony against other testimonial and documentary

9   evidence using common sense and shared human experience.  Indeed, the jury will

10  receive Ninth Circuit Model Instruction No. 1.11 (Credibility of Witnesses), which

11  instructs it to account for various factors that bear on believability, including "the

12  opportunity and ability of the witness to see or hear or know the things testified to,"

13  and "the witness's memory."

14      Mr. Ross' report is replete with opinions on ultimate issues to be decided by the

15  trier of fact. Under the first element of Rule 702, Darrell Ross' opinions are

16  inadmissible because they are not based on "scientific, technical, or other specialized

17  knowledge"—rather, the conclusions reached in his "opinions" are undeniably within

18  the jury's own expertise based on its experience and common sense.  Because the jury

19  can and will follow this plain language instruction, Darrell Ross' opinions are

20  inappropriate.  For the purposes of this memorandum, listed below are just a few

21  pertinent examples of Darrell L. Ross' "expert" opinions of which this Court should be

22  aware.

23      1)   That Officer Lafauci's use of lethal force was objectively reasonable and

24  was used in self-defense; (This is a question of fact for the jurors).

25      2)   In any use of force analysis the United States Supreme Court has

26  established that the review be performed from the perception of the officer, among

27  other factors;  (This is an incorrect statement of the law. It suggests that an officer's

28  use of force is a subjective analysis and not an objective analysis as required under

PLAINTIFF'S MOTION IN LIMINE NO. 4 TO EXCLUDE TESTIMONY OF EXPERT DARRELL L. ROSS

1  Graham v. Conner).

2          3)      In summarizing Mr. Ligon exiting his vehicle, Mr. Ross ignores that

3  civilian witness Bryan Van Dyck testified that he observed plaintiff crossing the street

4  before he was shot.  Mr. Ross then summarizes that Plaintiff charged directly at Officer

5  Lafauci; (This is an improper attempt to undermine the credibility of Brian Van Dyck

6  and boost the credibility of Officer Lafauci).

7          4)      Mr. Ross also opines that when Mr. Ligon exited his vehicle that he made

8  direct eye contact with Officer Lafauci when he made threatening comments.

9  However, Mr. Ross ignores Plaintiff's testimony that he was blinded by the police

10  vehicle lights and could not see the officer(s) prior to being shot; (This is an improper

11  attempt to attack the credibility of James Ligon and an attempt boost the credibility of

12  Officer Lafauci).

13          5)      Mr. Ligon clearly presented an imminent threat of harm to the officers;

14  (This is a question of fact for the jurors).

15          6)      Officer Lafauci processed the pattern of behaviors and statements of Mr.

16  Ligon and justifiably formed the perception that he ("Plaintiff") was indeed attacking

17  him; (This is a question of fact for the jurors).

18          7)      In my opinion a reasonable officer on scene faced with the same set of

19  circumstances would have responded as Officer Lafauci did: (This is a question of fact

20  for the jurors).

21          8)      Santa Clara County Supervising District Attorney Brian Welch reviewed

22  this shooting incident and determined that Officer Lafauci was justified in using lethal

23  force and acted lawfully (May 14, 2013); (The finding referenced in Darrell Ross'

24  Report by Supervising District Attorney Brian Welch is a criminal investigation by the

25  Santa Clara County District Attorney's Office and not relevant to Plaintiff's civil

26  claim).

27          Darrell Ross' expert opinions also fail under Rule 702 because they do not assist

28  the jury in its determination of the facts or of the ultimate issue of whether Officer

PLAINTIFF'S MOTION IN LIMINE NO. 4 TO EXCLUDE TESTIMONY OF EXPERT DARRELL L. ROSS

Lafauci exercised excessive force.   Instead, Darrell L. Ross improperly states what he perceives to be the relevant "facts" after weighing competing witness' testimony and making credibility determinations.  *See United States v. Ward*, 169 F.2d 460, 462-63 (3d Cir. 1948) (At no time may an expert witness may usurp the exclusive function of the jury to weigh evidence and to determine credibility).   Importantly, Darrell L. Ross' statement of the "facts" is even less helpful to the jury since at no time did he ever assume anything in the officers' statements to be untrue.  Nor did he ever consider or apply that the testimony of Officer Cory Walczak,  Brian Van Dyck or Plaintiff James Ligon that contradicted Officer Lafauci's version of events.

**B. Darrell Ross' Testimony is Inadmissible Under Federal Rules of Evidence 403**

Alternatively, Darrell L. Ross' testimony should be excluded under Federal Rule of Evidence 403.  Rule 403 excludes evidence the probative value of which is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, or an undue consumption of time.  Fed. R. Evid. 403.

The defense has disclosed two police practice experts. If the court grants Plaintiff's motion to exclude or limit Darrell L. Ross testimony, the defense should not be allowed to call a second police practice expert under the guise of being a "human factors" expert.   Under Federal Rule of Evidence 403 this would cause an undue consumption of time.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court grant Plaintiffs' Motion in Limine No. 4 in its entirety.

////

////

////

- 7 –

PLAINTIFF'S MOTION IN LIMINE NO. 4 TO EXCLUDE TESTIMONY OF EXPERT DARRELL L. ROSS

1  DATED:      January 2, 2015

2                                                           LAW OFFICE OF MORALES & LEAÑOS

3

4                                                           BY:   /s/  *Jaime A. Leaños*
                                                                  JAIME A. LEAÑOS
5                                                                 Attorney for Plaintiff

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION IN LIMINE NO. 4 TO EXCLUDE TESTIMONY OF EXPERT DARRELL L. ROSS