JAIME A. LEAÑOS (#159471)
LAW OFFICE OF MORALES & LEAÑOS
75 East Santa Clara Street, Suite 250
San Jose, California 95113
Telephone: (408) 294-6800
Facsimile: (408) 294-7102
Email: jleanoslaw@pacbell.net

NELSON McELMURRY (#236079)
LAW OFFICES OF NELSON McELMURRY
37 E. Hedding St.
San Jose, CA 95112
Telephone: (408) 292-2844
Facsimile: (408) 292-2011
E-mail: nmcelmurry@att.net

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSÉ DIVISION

| | |
|---|---|
| JAMES LIGON<br><br>Plaintiff,<br><br>v.<br><br>JOE LAFAUCI, INDIVIDUALLY AND AS AN OFFICER OF THE CALIFORNIA HIGHWAY PATROL<br><br>Defendant. | **CASE NO: CV 13-02875-RMW**<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br><br>1. 42 U.S.C §1983 & 1981 (Fourth Amendment)<br>2. Battery<br>3. Negligence<br>4. Intentional Infliction of Emotional distress<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff, James Ligon, hereby alleges as follows:

## INTRODUCTION

1. On June 21, 2012 CHP officers Joe Lafauci and Cory Walczak were on duty in full CHP uniform in a marked CHP vehicle. They were assigned to the CHP office in Redwood City, California. Both officers were conducting traffic enforcement on Highway 101 near the University Avenue exit in Palo Alto, California.

2. Officer Walczak was outside of his vehicle conducting Lydar (speed gun) and Officer Lafauci was sitting inside of the vehicle in the driver seat conducting radar.

3. Officer Walczak saw a Toyota Corolla vehicle driving southbound on Highway 101 past University Avenue in Palo Alto. Officer Walczak identified the plaintiff as a black male based on the "corn rows" the driver had. The vehicle was being driven by the Plaintiff.

4. The Toyota Corolla driven by plaintiff was traveling southbound on Highway 101 when the CHP officers activated their vehicle enforcement lights near the Rengstorff exit in Mountain View. The plaintiff continued to drive at normal freeway speeds and exited the Mathilda off ramp in Sunnyvale.

5. The plaintiff decided to continue home. He ultimately slowed and came to a complete stop in front of 284 Alturas in Sunnyvale, California, approximately 3 miles from where the officers first attempted to stop plaintiff's vehicle.

6. Officer Lafauci positioned his patrol vehicle at an angle approximately 30 feet behind the plaintiff's Toyota Corrolla. Offiers Lafauci and Walczak prepared for a traffic stop and exited their vehicle immediately. Officer Lafauci had his service weapon drawn and pointed at plaintiff's vehicle. Meanwhile Officer Walczak did not have his weapon drawn at all.

7. As the plaintiff slowly exited his vehicle with his hands up, he moved towards the center of the street. Unable to see the officers because of the CHP spotlight and red light burner, the plaintiff, with hands raised, stated to the officers that he did not have any weapons.

8. At this point, Officer Lafauci fired his CHP issued firearm shooting Plaintiff approximately 8 times. As plaintiff stumbled away from the gun fire he was shot at least two more times in the back. No weapons were located on or around plaintiff. Officer Walczak never fired a single round.

9. The force used by Officer Lafauci, in shooting James Ligon while he was unarmed and not a threat to defendant was excessive, unreasonable and resulted in

plaintiff suffering serious injuries.

10. Plaintiff, James Ligon, now brings this case to expose the wrongdoing of the defendant and to vindicate his civil rights.

## JURISDICTION AND VENUE

11. This court has subject matter jurisdiction pursuant to 42 U.S.C. §1983; 1981, 28 U.S.C. §§ 1331, 1343 and 2201. The Court has pendent jurisdiction and supplemental jurisdiction over the state law claims alleged in this Complaint pursuant to 28 U.S.C. § 1367.

12. All administrative remedies have been exhausted. In compliance with California Government Code § 910 et seq., Mr. Ligon has filed administrative claims for damages under the California Tort Claims Act with the California State Board of Control, which has declined to exercise jurisdiction over these actions.

## INTRADISTRICT ASSIGNMENT

13. Pursuant to Northern District Civil Local Rule 3-29(c) intradistrict assignment to the San Jose Division of the Court is proper because a substantial part of the events or omissions giving rise to the claims herein occurred in the County of Santa Clara. Venue therefore lies in the United States District Court for the Northern District of California, San Jose Division.

## PARTIES

14. Plaintiff, JAMES LIGON is, and at all relevant times herein mentioned was a citizen of the State of California and a resident of the County of Santa Clara.

15. Defendant Officer Joe Lafauci, sued in both his individual and official capacities is a resident of California on information and belief, and at all relevant times was employed by the California Highway Patrol (hereinafter "CHP"). All actions taken by Officer Lafauci were performed while working as an officer of the CHP under color of law.

16. Plaintiff is informed and believes, and thereon alleges, that at all times mentioned herein, each and every defendant was the agent, servant, employee, and/or

representative of each and every other defendant and, in doing the things complained of herein, was acting within the scope of that agency, service, employment and in concert, and/or representation, and that each and every defendant is jointly and severally responsible and liable to the plaintiff for the damages hereinafter alleged.

17. Plaintiff is informed and believe and thereon alleges that Defendant is legally responsible and liable for the incident, injuries, and damages set forth herein, and that the defendant proximately caused said incident, injuries, and damages by reason of his violation of plaintiff's constitutional and legal rights, negligence, breach of duty, whether based upon agency, employment or control or upon any other act or omission.

18. Defendant caused and is responsible for the unlawful conduct described herein and the resulting injuries by, among other things, personally participating in the unlawful conduct and/ or with deliberate indifference to plaintiff's rights.

19. In doing the acts and/or omissions alleged herein, Defendant Officer Lafauci acted under color of authority and/or under color of law and pursuant to his respective authorities as a police officer with the California Highway Patrol.

20. Defendant-Officer is guilty of fraud, oppression, and/or malice that would justify the imposition of punitive and exemplary damages.

## FACTUAL ALLEGATIONS

21. On or about the evening of June 21, 2012, 36 - year old James Ligon was driving home Southbound on Highway 101 from Palo Alto. Mr. Ligon's residence was located at 874 Borregas Avenue, Apt. B-10, Sunnyvale, California.

22. At that same time, Defendant Officer Joe Lafauci and Officer Cory Walczak, were conducting traffic enforcement for the California Highway Patrol. Officer Walczak was outside of his vehicle conducting Lydar (speed gun) and Officer Lafauci was sitting inside of the vehicle in the driver seat conducting radar.

23. When the officers observed Mr. Ligon's vehicle they believed it was speeding and decided to follow him and conduct an enforcement stop. Both officers were in full uniform and driving a marked patrol vehicle. Defendant Officer Lafauci

was the driver and Officer Walczak was the passenger.

24. After pulling behind Mr. Ligon's vehicle officers attempted to initiate a vehicle stop by activating their emergency lights. Initially, Mr. Ligon did not notice the patrol vehicle. Eventually, Mr. Ligon saw the patrol vehicle, moved over and slowed his vehicle down. After exiting the freeway, Mr. Ligon decided to drive home since his residence was a short distance away.

25. When Mr. Ligon arrived at his residence, there was no place to safely park his car. He then continued around the corner and parked his vehicle at 284 Alturas Avenue in Sunnyvale, California. The patrol vehicle came to a stop approximately 30 feet behind Mr. Ligon with their spotlight and lighting equipment directly on him and his car.

26. Mr. Ligon then slowly exited his vehicle, turned toward the officers raised his hands to self surrender. As Mr. Ligon moved toward the middle of the street he informed the Officers that he did not have anything on him.

27. Defendant Officer Lafauci claims that Mr. Ligon jumped out of his vehicle, looked at him straight in the eyes and charged directly at him. Officer Lafauci further claims that he feared for his safety because of Mr. Ligon's size and he believed he was going to be tackled. Therefore, Officer Lafauci began shooting his service weapon at Plaintiff and did not stop shooting until his magazine was empty.

28. At no time prior to firing his service weapon did Defendant Officer Lafauci observe Mr. Ligon with a weapon. At no time prior to firing his service weapon did Officer Lafauci issue a verbal warning to Mr. Ligon that he would be shot.

29. After being shot, Plaintiff went down to the ground. Plaintiff was shot at least twice while he was on the ground. The gunshot wound entrances were all over his body including but not limited to his hands, legs, lower torso, hip, upper and lower back, the back of his shoulder and buttocks.

30. Officer Walczak saw Mr. Ligon exit his vehicle slowly and believes that Mr. Ligon was 10 to 15 feet away from Officer Lafauci when he started shooting.

Officer Walczak never saw Mr. Ligon with a weapon.

31. The unnecessary and excessive force exercised by Defendant Officer Lafauci against Plaintiff, by shooting him while he was unarmed, and without warning, while standing in the street were substantial factors in causing his injuries.

## FIRST CAUSE OF ACTION
## (42 U.S.C. SECTION 1983)

32. Plaintiff hereby re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 31 of this Complaint.

33. Defendant's conduct violated the rights of Plaintiff, under the Fourth Amendment right to be free from unreasonable seizures. All the Defendants are liable to Plaintiffs under California State Law Civil rights violations.

34. These violations are compensable pursuant to 42 U.S.C. sections 1983 and 1981.

35. As a result of Defendant's conduct, Plaintiff has suffered significant physical harm, emotional harm and pain and suffering.

36. Defendant Officer Lafauci's acts and/or omissions were done willfully, deliberately, maliciously, and with reckless or deliberate indifference or conscious disregard to Plaintiff's constitutional rights, thereby entitling plaintiff to an award of exemplary or punitive damages.

37. The acts of Defendant Officer Lafauci constitute deprivation of Plaintiff's civil rights and are the basis of the claims herein including:

(a) Officer Lafauci employed unnecessary and excessive force in Plaintiff's restraining, detaining, and inflicting physical trauma to body by shooting him while he was unarmed and not a threat to defendant. The force used was a substantial factor in causing plaintiff's injuries.

(b) Officer Lafauci was grossly negligent or acted with reckless disregard for Plaintiff, when he shot him while he was on the ground and wounded and not an immediate threat to their safety.

(c) Officer Lafauci was also grossly negligent and acted with reckless disregard for the risk of Plaintiff's injuries when he ignored the fact that plaintiff was unarmed and trying to self-surrender.

(d) As a direct and proximate result of the violation by Defendant of Plaintiff's constitutional rights, plaintiff suffered special and general damages, including but not limited to pain and suffering, permanent disability, emotional distress, loss of wages, and medical costs both present and future.

## SECOND CAUSE OF ACTION
### (BATTERY)

38. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 31 in this complaint.

39. Plaintiff asserts the claims of battery against Defendant Officer Joe Lafauci based upon the unlawful touching of decedent which was the direct and legal cause of his injuries. At all times during the unlawful touching of the Plaintiff, Officer Lafauci was acting within the course and scope of his employment with the CHP. The non-consensual contact by Officer Lafauci against the Plaintiff amounted to unreasonable force and included, but was not limited to, shooting him over eight times and the improper and excessive use of firearm.

40. Plaintiff is informed and believes and thereon alleges that the aforementioned acts of Defendant Officer Joe Lafauci were willful, malicious, intentional, oppressive, reckless and/or was done in willful and conscious disregard of the rights, welfare and safety of Plaintiff, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at time of trial.

41. The battery included the repeated shooting of Plaintiff by Defendant with his CHP issued firearm.

42. As a direct and legal cause of the acts and omissions of this defendant, Plaintiff has suffered damages, including without limitation, loss of earnings, pain and

FIRST AMENED COMPLAINT FOR DAMAGES

CV 13-02875-RMW

suffering, emotional distress, attorneys' fees, costs of suit, and other pecuniary losses not yet ascertained. Plaintiff is seeking punitive damages under the battery cause of action.

### THIRD CAUSE OF ACTION
### (NEGLIGENCE)

43. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 31 in this complaint.

44. Defendant was negligent, and/or reckless and such conduct caused harm to Plaintiff. Defendant was negligent and/or reckless in performing his duties and failed, neglected, and/or refused to properly and fully discharge his responsibility by, among other things:

    (a) Using unnecessary, excessive force against Plaintiff, which would not have been applied by a reasonable police officer under the same circumstances;

    (b) Proceeding to effectuate an arrest and detention by pointing a gun and shooting the Plaintiff while he was unarmed;

    (c) Grossly miscalculating the inherent dangerousness of the situation and thereby creating a situation in which serious bodily harm or death would likely result;

    (d) Failing to practice and follow sufficient police procedures to ensure the officers and the public's safety;

    (e) Failing to exercise the proper method of arresting and detaining Plaintiff that resulted in the unnecessary escalation of force; and

45. As a result of Defendant's conduct, Plaintiff has suffered significant physical and emotional harm, and pain and suffering.

### FOURTH CAUSE OF ACTION
### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

46. Plaintiff re-alleges and incorporates by reference each and every allegation contained in paragraphs 1 through 31 in this complaint.

47. The conduct of Defendant Officer Lafauci as set forth herein, was extreme

and outrageous and beyond the scope of conduct that should be tolerated by citizens in a democratic and civilized society. Defendant committed the aforementioned extreme and outrageous acts with the intent to inflict severe emotional distress upon plaintiff.

48. As a proximate result of said defendant's willful, intentional and malicious conduct, plaintiff suffered severe emotional distress. Therefore, plaintiff is entitled to an award of punitive damages against said defendants/ plaintiff has suffered injuries and damages hereinafter set forth.

## PRAYER

49. WHEREFORE, Plaintiff prays for relief, as follows:

    A. For general damages according to proof;
    B. For special damages according to proof;
    C. For punitive damages against defendant officer according to proof.
    D. For reasonable attorney's fees pursuant to 42 U.S.C. Sections 1983 and 1988;
    E. For costs of suit herein incurred; and
    F. Grant such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on any or all the issues triable by a jury.

DATED: September 16, 2014      LAW OFFICES OF NELSON MCELMURRY

By: ___/s/ Nelson McElmurry___
NELSON MCELMURRY
Attorney for Plaintiff, James Ligon

| | |
|---|---|
| DATED: September 16, 2014 | LAW OFFICE OF MORALES & LEAÑOS |

By:  /s/ Jaime A. Leaños
JAIME A. LEAÑOS
Attorney for Plaintiff, James Ligon

---

FIRST AMENED COMPLAINT FOR DAMAGES     - 10 -     CV 13-02875-RMW