UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES LIGON,
    Plaintiff,
  v.
JOE LAFUACI, et al.,
    Defendants.

Case No. 13-cv-02875-RMW

**ORDER GRANTING DEFENDANT'S MOTION IN LIMINE NO. 8**

Re: Dkt. Nos. 78, 86

**I. DEFENDANT'S MOTION *IN LIMINE* NO. 8: to preclude plaintiff from offering any evidence that he was unarmed at the time he was shot.**

**GRANTED with reservation**. The evidence is not relevant. Fed. R. Evid. 402. Defendant moves for an order excluding evidence that plaintiff was actually unarmed at the time he was shot. Defendant argues that because the standard which applies to the constitutional propriety of a police use of force is "objective reasonableness" which turns upon a determination based upon the totality of the circumstances which were known to the officers at the time of the use of force, and here defendant did not learn that plaintiff was actually unarmed until after the fact, this evidence is not relevant and inadmissible, absent circumstances at trial which would permit admission for some other reason.

Defendant cites the Seventh Circuit case *Sherrod v. Berry*, 856 F.2d 802, 807 (7th Cir. 1988), which the court agrees is on point. In *Sherrod*, the Seventh Circuit held that admission of evidence that a plaintiff was unarmed at the time he was shot by a police officer defendant was erroneous because it was information not available to the officer at the time of the shooting. *Id*. at 805. Sherrod had made a "quick movement with his hand into his coat" and the officer testified that "there was no doubt in my mind when he started to move, he was going to reach for a weapon

of some type." *Id*. Officer Berry never claimed that he actually saw a weapon, but stated that he simply reacted to what a reasonable person would consider to be a life-threatening and imminently dangerous situation. *Id*.

Likewise, Officer Lafauci, at the time he shot plaintiff, did not know whether plaintiff was armed or not. Like the officer in *Sherrod*, Officer Lafauci has never claimed that he saw a weapon, and has only asserted that he was fearful based on plaintiff's actions that plaintiff could reach a weapon concealed in his waistband. Accordingly, the court concludes that the evidence is not relevant to the question of whether Officer Lafauci's use of force was "objectively reasonable in light of the facts and circumstances confronting [him]." *Graham v. Connor*, 490 U.S. 386, 397 (1989).

However, the Seventh Circuit in *Sherrod* cautioned that its holding was not a "black-letter rule" and that after-the-fact evidence could be used to test a witness's credibility, namely the ability of the witness to "observe, remember, or narrate," and could also be used to impeach a witness. *Id*. at 806. The court therefore reserves the right to admit evidence that plaintiff was unarmed if: (1) it becomes relevant to some issue of consequence in the case; (2) it becomes relevant to test the question of a witness's credibility; or (3) if a witness testifies in such a way that the evidence is necessary for impeachment purposes, *see, e.g., Sherrod*, 856 F.2d at 806 ("For example, if an officer testifies that 'I saw a shiny, metallic object similar to a gun or a dangerous weapon in the suspect's hand,' then proof that the suspect had neither gun nor knife would be material and admissible to the officer's credibility on the question of whether the officer saw any such thing (and therefore had a reasonable belief of imminent harm).").

**IT IS SO ORDERED**.

Dated: January 30, 2015

_____
RONALD M. WHYTE
United States District Judge